DECISION AND JUDGMENT ENTRY
This is a state's appeal from a suppression order of the Huron County Court of Common Pleas in a felony driving under the influence of alcohol ("DUI") case. The court suppressed three prior uncounseled DUI misdemeanor convictions of appellee, Filberto F. Samano, on the ground that his waiver of counsel in the municipal court cases was flawed.
The matter was submitted to the trial court on stipulated facts and evidence. The only question before us is whether the trial court correctly concluded that the municipal court record failed to reflect appellant's knowing, intelligent and voluntary counsel waiver in those underlying convictions.[1]
We have carefully examined the entire record in this matter, including the opinion and judgment entry prepared by the trial court. We conclude that the trial court has correctly applied the law to the facts as stipulated and rendered judgment accordingly. Therefore, we adopt the decision of the trial court as our own (see Appendix A) and find the state's sole assignment of error not well-taken.
On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] The state's sole assignment of error is that;
 "IT WAS ERROR FOR THE TRIAL COURT TO FIND THAT APPELLEE HAD NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVED HIS RIGHT TO COUNSEL WHEN APPELLEE HAD BEEN ADVISED OF HIS RIGHTS BOTH ORALLY AND IN WRITING AS WELL AS BEING ADVISED OF THE SPECIFIC CRIME CHARGED ALONG WITH MINIMUM AND MAXIMUM PENALTIES AND APPELLEE SIGNS A WRITTEN WAIVER OF HIS RIGHT TO COUNSEL EXPRESSLY STATING THAT SAID WAIVER IS KNOWING, INTELLIGENT AND VOLUNTARY."